REYNALDO G. GARZA, Circuit Judge, with whom POLITZ, Chief Judge,
joins, dissenting:
I respectfully dissent from the majority opinion. The majority opinion, as written, was not necessary because this case does not involve legal issues and no matter how much the majority has written in trying to limit the law of habeas corpus on cumulative error, our Constitution still guarantees every criminal defendant, no matter his background or criminal record, a fair trial. If Derden’s trial violated his due process then his constitutional right to a fair trial was violated and he is entitled to a new trial.
As I said before, no legal principles were involved here, only questions of fact. This is a situation that is case specific and fact intensive in nature. I do not think that there is any question that the cumulative errors that Derden complains of and that I set out in the panel opinion of Derden v. McNeel, 938 F.2d at 605, and the other errors that came to light after the en banc briefs were requested and that are mentioned in other parts of this record have occurred. The United States Magistrate that heard the evidence in this case found the alleged errors to have taken place and recommended that the writ be granted. The United States District Judge who passed on the recommendation of the Magistrate Judge also found that the errors had occurred, but was under the mistaken belief that under “Fifth Circuit law” he could not grant the writ. So, we are not alone in outlining the cumulative errors that Derden complains of but also that the effect of those errors deprived him of a fair trial. Aside from what I have said in the majority opinion of the panel, we must keep in mind that the burglary in this case is alleged to have occurred on February 10, 1983, that the indictment was not brought *1463 until approximately two years and nine months later in October of 1985, that Der-den was arrested January 3, 1986, and arraigned on January 28, 1986. We point this out because a person forgets a lot of things that happened over a span of nearly three years.
The evidence against Derden came from three admitted accomplices who got very good and sweet deals from the prosecution to get them to testify against Derden. Everyone else that testified upheld Derden’s alibi defense or impeached the testimony of the accomplices. Derden’s defense was that he was not present at the burglary. That while the burglars were using his van, he had loaned his van to Sherrod, who worked for him, and he had taken Sher-rod’s car. To prove this Derden was denied to do so at every turn.
For starters, the incident in footnote 9 of the majority opinion when Derden was asked the question about a receipt and he started to answer—
“Well I’ve been in jail, ladies and gentlemen, since January twenty, eighty— eight-five”—
and the court immediately, without any objection from anybody said:
“Just a minute. Face the lawyer and answer the lawyer’s questions, and you do not address the jury, you understand? I’m not going to caution you about this again.”
To me the judge not letting Derden face the jury was grievous error. After all, they were the ones that were going to decide his guilt or innocence. All of us, I know, have heard jurors say, “I did not believe that defendant because he did not look us in the eye.”
I have been on the federal bench for thirty-one years. Eighteen-plus of those on the district bench trying hundreds and hundreds of criminal cases and since coming on board the Fifth Circuit I have heard appeals on many, many criminal cases. I think I have a feel in deciding when a person has received a fair trial. I have no apologies to make to anyone for deciding as the magistrate did, and as the district judge did, if he had not been mistaken about our “Fifth Circuit law,” that Derden did not get a fair trial. As far as I know only four of us have read the record.[1] This-case has turned into a beauty contest between me and Judge Jones. It is a contest I do not think I can win if the judges vote on what a judge says and not because they have read the record. The writer is not alone in deciding that the cumulative errors complained of deprived Derden of a fair trial, there are others in the judicial process that think likewise. The writ should be granted and Derden given a new trial as was held by the original panel.

. I begged my fellow judges on the Fifth Circuit to read the record, or at least the opinions of the magistrate and the district judge in this case because a decision of fairness is left up to the individual judge,